

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,495-02

### EX PARTE DERRICK JERMAILE SHERFIELD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1264401-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment. According to the record, he did not appeal his conviction.

Applicant contends that he filed a "motion for appeal" on December 13, 2012, and that counsel advised him that he had to file the appeal himself. The trial court made findings of fact and conclusions of law in response to Applicant's ineffective assistance of counsel claim. It recommended that we deny relief.

We do not believe that the record is adequate to resolve Applicant's claims. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant waived his right to appeal. Although there is not a waiver of appeal in the plea papers that were forwarded to this Court, the judgment says that appeal was waived and permission to appeal was not granted. The trial court shall also make further findings and conclusions as to whether Applicant filed a timely and proper *pro se* notice of appeal or a document purporting to be a notice of appeal. Finally, the trial court shall determine whether Applicant was denied his right to appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.


Filed: September 17, 2014
Do not publish